Paula D. Pearlman        (State Bar No. 109038)
Paula.Pearlman@lls.edu
Shawna L. Parks          (State Bar No. 208301)
Shawna.Parks@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, California 90015
Tel: (213) 736-1031; Facsimile: (213) 736-1428

Heather D. McGunigle    (State Bar No. 237174)
Heather.McGunigle@lls.edu
DISABILITY RIGHTS LEGAL CENTER
320 East D Street
Ontario, CA 91764
Tel: (909) 460-2034; Facsimile: (909) 460-2094

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| C.F., a minor, by and through her mother and guardian ad litem, GWENDOLYN KENNEDY,<br><br>Plaintiff,<br><br>vs.<br><br>RIVERSIDE COUNTY, a public entity, RIVERSIDE COUNTY DEPARTMENT OF MENTAL HEALTH, a public entity, RIVERSIDE COUNTY CONSERVATORSHIP INVESTIGATION OFFICE, a public entity, AND WILLIAM J. VAN DER POORTEN, in his official and individual capacity, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No.: CV09-03038VBF(FMOx)<br><br>[~~Proposed~~] PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT.<br><br>Honorable Valerie Fairbank |

Good cause appearing, *as set forth in the Stipulated Protective Order filed on September 24, 2009,* this Court hereby grants parties in *C.F. et al. v.*

*Riverside County et al. Case No.CV09-03038 VBF(FMOx)* the following Protective Order ("Order"):

1. This Order shall govern the designation, production, handling, and treatment of, as well as the provision of access to the public, of all confidential documents and information obtained or observed by the parties or their agents that is confidential pursuant to 20 U.S.C. § 1232g[1], 45 CFR Parts 160-164[2], California Education Code §§ 49077 *et seq.*[3], California Civil Code §§ 56 *et seq.*[4], California Welfare and Institutions Code §§ 827[5] *et seq.* and California Rules of Court Rule 5.552, which is obtained or observed as a result of or in the course of this litigation.

---

[1] The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99) protects the privacy of student education records and generally requires the school to have written permission by the parent or student to release information from the student's education record.

[2] The Health Insurance Portability and Accountability Act (HIPAA) (Pub. L. 104-191; 45 CFR Parts 160-164) lays out the privacy rules and standards regarding the use and disclosure of individual's identifiable health information and the individual's authorization for release of said information.

[3] California Education Code §§ 49077 *et seq.* concerns the privacy rights of students educational records and similarly as to FERPA requires the school obtain consent by parent or student to release student's education record.

[4] California Civil Code §§ 56 *et seq.* concerns the privacy rights of patients regarding their identifiable medical records and similarly as to HIPAA requires the individuals authorization for release of said information.

[5] California Welfare & Institutions Code § 827 regulates access to a juvenile's case file and is strictly protected by a statutory scheme, which includes provisions for any party seeking access to first obtain the permission of the Juvenile Court by filing a petition. A juvenile's case file is define in California Rules of Court, Rule 5.552 to include (1) All documents filed in a juvenile court case; (2) Reports to the court by probation officers, social workers of child welfare services programs and court-appointed special advocates; (3) Documents made available to probation officers, social workers of child welfare services programs, and court-appointment special advocates in preparation of reports to the court; (4) Documents relating to a child concerning whom a petition has been filed in juvenile court, which are maintained in the office files of probation officers, social workers of child welfare services programs, and court-appointed special advocates; Transcripts, records, or reports relating to matters prepared or released by the court, probation department, or child welfare services program; and Documents, video or audio tapes, photographs, and exhibits admitted into evidence at juvenile court hearings."

1  The purpose of this Order is to protect the privacy of C.F., a minor, whose
2  confidential educational records, juvenile case file, medical and mental health
3  records, and other records related to the County's services to C.F. including but not
4  limited to social services and/or dependency proceedings which are sought in
5  discovery or will be used at trial.
6    2. <u>Documents</u>:
7    When used in this Order, the word "documents" means all written, recorded
8  graphic, or electronically stored matter whatsoever, including, but not limited to,
9  materials produced pursuant to Rule 34 of the Federal Rules of Civil Procedure
10 ("Rule 34"), by subpoena or by agreement, deposition transcripts and exhibits,
11 interrogatory answers, responses to requests for admissions, and any portion of any
12 Court papers that quote from any of the foregoing.
13   3. <u>Scope and Designation</u>:
14   Any and all documents that include or reveal C.F.'s name or other personally
15 identifying information contained in C.F.'s confidential records, and any persons
16 who have provided services including but not limited to custodial services while in
17 juvenile hall, mental health services, social services, and/or special educational
18 services to C.F. shall be governed by this Order. As used herein, "personally
19 identifying information" shall include, but is not limited to, health care record
20 information, any information from which the identity of C.F. may be ascertained,
21 and any information which is deemed confidential pursuant to 20 U.S.C. § 1232g,
22 45 CFR Parts 160-164, California Education Code §§ 49077 et seq., California
23 Civil Code §§ 56 et seq., California Welfare and Institutions Code §§ 827,828 and
24 California Rules of Court Rule 5.553.
25   4. <u>Challenge to Confidentiality Designation</u>:
26   If any party objects to the designation of any document(s) produced or filed
27 as "confidential", under the above definitions, that party may file a motion to *pursuant to the Local Rules pertaining to discovery motions*
28 resolve the dispute regarding whether such document(s) qualified for confidential

1  status. Interested parties shall attempt to resolve any such disagreements before
2  submitting them to the Court. To the extent the parties are unable to reach an agreement as to the designation, the object party may make an appropriate motion pursuant to Local Rule. Pending resolution of a dispute over the status of
3  documents under this Order, that document shall be considered a confidential
4  document subject to the protection of this Order.  At all relevant times, the party
5  seeking to assert a document's confidentiality bears the burden of showing good
6  cause pursuant to Rule 26.

7      5. <u>Identification of Counsel</u>:

8  For the purposes of this Order, "counsel" or "attorney" means counsel of
9  record for the parties of this action and all their employees, agents and experts.

10     6. <u>Use of Confidential Material</u>:

11 Confidential records shall be used solely for the purpose of conducting the
12 action entitled *C.F. et al. v. Riverside County et al.*, Case No. CV09-03038
13 VBF(FMOx).

14     7. <u>Use and Designation of Confidential Material in Court Filings</u>:

15 When the parties file pleadings, motions, affidavits, declarations, deposition
16 transcripts, briefs, or other documents with the Court that refer to the Plaintiff
17 covered by this Order, the parties must ensure that the Plaintiff's name is not used
18 and rather must replace Plaintiff's name with the designated letters—C.F.

19 Portions of confidential records (such as medical records) may be attached to
20 any pleading, motions, affidavits, declarations, deposition transcripts, briefs, or
21 other documents filed with the Court, but all records that contain personally
22 identifying information must be filed under seal, in accordance with Local Rule 79-5. When submitting or filing
23 records with the Court under seal, the parties shall use the following designation:

24     **CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER.  THIS**
25     **ENVELOPE , CONTAINING THE ABOVE-IDENTIFIED PARTIES**
26     **FILED BY [NAME OF THE FILING PARTY], IS NOT TO BE**
27     **OPENED NOR THE CONTENTS THEREOF DISPLAYED TO**
28     **ANYONE OTHER THAN THE COURT AND ITS STAFF, OTHER**

**THAN BY COURT ORDER OR AGREEMENT OF THE PARTIES.**

Only the confidential records will be filed under seal. The pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents filed with the Court will not be filed under seal.

8. <u>Disclosure of Confidential Material</u>:

All confidential records shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective Order. Confidential information may be disclosed only to the following persons:

    (a)    Counsel, including paralegal, investigative, secretarial, and clerical personnel including law students, if applicable, who are engaged in assisting such counsel in the above entitled action;

    (b)    Any independent outside expert or consultant, and employees and assistants under the control of such expert or consultant, who is engaged by counsel in this litigation, whether or not such expert is paid directly by a party;

    (c)    Any director, officer, or employee of a party who is requested by counsel for such party to work directly on the above entitled action;

    (d)    Any deposition or trial witness;

    (e)    Any person who authored or received the particular confidential information sought to be disclosed;

    (f)    Any court or other shorthand reporter or typist recording or transcribing testimony; or

    (g)    The Court.

Confidential information shall not be disclosed to persons described in Paragraphs 8(b), (c), or (d) unless or until such persons have been provided with a copy of this Protective Order and have agreed in writing to abide by and comply with the terms and provisions therein.

9. <u>Use of Confidential Information During Discovery</u>:

<u>Depositions</u>.

A party may designate as confidential the deposition transcript and all exhibits to the deposition by indicating on the record at the deposition that certain information is confidential and subject to the terms of this Protective Order. Alternatively, a party may make a confidential designation by notifying all parties in writing within twenty (20) days after the deposition transcript is received by the party of the partitions of the transcript and/or exhibits designated as confidential. During this interim twenty (20) day period, the entire transcript and the exhibits attached thereto shall be treated by all the parties as confidential. All transcripts and deposition exhibits containing any confidential information shall be marked: **"CONFIDENTIAL. Subject to restriction by a Protective Order."**

<u>Interrogatories and Requests for Production, and other discovery related matters</u>. Use of confidential information during discovery shall be designated as follows:

(a) To designate a document as one containing confidential information the party producing the document, shall stamp the first page and every page thereafter as follows: **"CONFIDENTIAL. Subject to restriction by a Protective Order."**

(b) All confidential documents produced by the parties during discovery shall be stamped as indicated in paragraph 9(a) above.

(c) Any responses to interrogatories, requests for production, or requests for admissions, which are designated by a party as containing confidential information, shall be submitted in a separate documents with each page stamped as indicated in paragraph 9(a) above.

  (d) If documents are produced on a computer disc or other electronic and/or digital format, and all the documents on the disc contain confidential information, they shall all be designated confidential by application to the disc of a sticker bearing the language set out in paragraph 9(a). If any of the documents are used at depositions or attached as pleadings, each page of these documents shall be stamped as indicated in paragraph 9(a).

10. <u>Use of Confidential Information at Hearing or Trial</u>:

  A party may, subject to the rules of evidence and order of the Court, use any confidential information for any purposes at trial or at any hearing before a judicial officer in the above entitled action. Any confidential information used in any court proceeding shall not lose its confidential status through such use, unless the Court orders otherwise.

11. <u>Preservation of Rights and Privileges</u>:

  Nothing contained in this Protective Order shall affect the rights of any party or witness to make any other type of objection or claim.

12. <u>Modification of the Protective Order</u>:

  This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for an additional protective order, or for modification of this Order with the Court's approval.

13. <u>Return of Materials</u>:

  Within thirty (30) days after the conclusion of the above entitled action, including, without limitation, any appeal or retrial, all confidential information, including copies, extracts, or summaries, ~~shall be returned~~ [counsel for the parties shall return] to counsel who provided it. Alternatively, a party or counsel in possession of documents containing confidential information shall certify in writing within the 30-day period that all such documents have been destroyed. As to those materials which contain

confidential information, but constitute or reflect counsel's work product, all such work product and all copies shall either by destroyed or retained by counsel in a secure place, subject to this Protective Order.

14. <u>Inadvertent Disclosure</u>:

Should any confidential information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly: (a) identify the recipient(s), and the circumstances of the unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the recipients to the terms of this Protective Order. No information shall lose its confidential status because of any inadvertent disclosure to a person not authorized to receive it under this Protective Order, provided that the corrective action under this section is taken.

~~15. Upon conclusion of the above entitled action, the provisions of this Protective Order shall continue to be binding.~~

15. ~~16.~~ This Protective Order shall remain in full force and effect until this case proceeds to trial, ~~modified, superseded, or terminated by consent of the parties and by Order of this~~ at which time all of the information that was designated as confidential ~~Court if the Court finds appropriate upon reasonable written request.~~ and/or kept and maintained pursuant to the terms of protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

IT IS SO ORDERED.

DATED: 10/2/09

By _____
The Hon. ~~Valerie Fairbank~~
U.S. District Court

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing

The following transaction was entered by McGunigle, Heather on 9/24/2009 at 12:08 PM PDT and filed on 9/24/2009
Case Name:         C. F. v. Riverside County et al
Case Number:       2:09-cv-3038
Filer:             C. F.
Document Number:   37

Docket Text:
Joint STIPULATION for Protective Order filed by Plaintiff C. F.. (Attachments: # (1) Proposed Order [Proposed] Protective Order)(McGunigle, Heather)


2:09-cv-3038 Notice has been electronically mailed to:

Douglas C Smith    dsmith@lubranismith.com, dmathews@lubranismith.com, jszalonek@lubranismith.com, maujero@lubranismith.com

Heather D McGunigle    heather.mcgunigle@lls.edu, angelica.delira@lls.edu

Paula D Pearlman    Paula.Pearlman@lls.edu

2:09-cv-3038 Notice has been delivered by First Class U. S. Mail or by fax to: :

Lindsay Frazier
Lubrani & Smith, LLP
110370 Hemet Street, Suite 390
Riverside, CA 92503

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:C:\Documents and Settings\DRLC Staff\Desktop\C.F\Pleadings\Protective Order\Stip Protective Order and [Proposed] Protective Order Final.pdf
Electronic document Stamp:
[STAMP cacdStamp_ID=1020290914 [Date=9/24/2009] [FileNumber=8496836-0]
[7241fa9540ebbafaa58edf9bd437324d0581c35c1f8ce9a8d28fd8dc322e281595e1
bf2ab80268e2b22e290ab7a2e58bc3ccded2c552708971a6a5b6a3f0f8d6]]
Document description:Proposed Order [Proposed] Protective Order
Original filename:C:\Documents and Settings\DRLC Staff\Desktop\C.F\Pleadings\Protective Order\C.F. [Proposed] Protective Order Final.pdf
Electronic document Stamp:
[STAMP cacdStamp_ID=1020290914 [Date=9/24/2009] [FileNumber=8496836-1]
[c1c06f36cec51cffe42020ce4a6720c08f2ba945fe5f7781b2a8e651d9f71d811871
6bb617b1bcaf97eee6d53dcd34b328893d1d33f2d347f040aac7a09dcc6f]]